## Myers v. Newtown Township School District

*Fronefield Crawford*, for plaintiff.

*Larson, Lippincott & Donaldson*, for defendant.

DIGGINS, J., October 26, 1956.—Plaintiff, tax collector for defendant school district, filed a complaint in assumpsit for compensation as tax collector for the school district during the fiscal year 1954-55. The complaint alternatively sets forth two counts:

(1) That a resolution fixing compensation adopted by the school board on June 1, 1953, at the rate of two percent of the amount of taxes levied and assessed by the school district was invalid, and that plaintiff was entitled to compensation at the rate of three percent of the amount of taxes collected.

(2) That should the resolution be held to be valid, he was entitled to compensation at the rate fixed therein.

In opinion and order dated June 28, 1955, this court sustained defendant's preliminary objections and dismissed the first count. Following this opinion, defendant filed an answer and new matter to plaintiff's second count, to which plaintiff filed a reply and made a motion for judgment on the pleadings which is now before us for action. The pleadings raise no questions of fact but merely one of law. Therefore, the motion is properly brought.

By the present state of the record, any compensation to which plaintiff is entitled must be based on the resolution of June 1, 1953, which provided that the tax collector shall be paid two percent per year on the amount of taxes levied and assessed by the school district for the current fiscal year, that the school district shall cause to be paid to the said tax collector the sum of two percent per year on all taxes that are considered to be delinquent and which are collected by him on behalf of the school district. Therefore, the only question concerns the calculation of such amount.

In new matter, defendant alleges that the adjustments in assessments made by the county board for the assessment and revision of taxes resulted in the addition of $3,010 to the original taxes assessed in this township and resulted in a deduction in the taxes assessed in this township of $3,958.50, leaving a net loss in taxes assessed of $948.50 from the original

duplicate of taxes levied and assessed. So far as taxes levied and assessed are concerned, the original figure was $251,820. Additions to the duplicate brought this amount up to $254,830, and by the subsequent deductions, is now $250,871.50. Defendant contends that the amount due plaintiff is two percent of the latter figure, whereas plaintiff contends he is entitled to two percent of $254,830.

The problem arises here because the formal resolution adopted by the school district bases the tax collector's commission on "taxes levied and assessed." It is to be noted that in the original motion passed by the school directors, this basis for determining the tax collector's compensation did not appear and on the contrary, that motion, as shown in the minutes, provides compensation for collection of all school taxes and other moneys received or collected for the school district at two percent per year and after the delinquent period. The new criterion, to wit, "taxes levied and assessed" appears for the first time in the formal resolution prepared by the solicitor and presented to the board and reflected in the minutes as duly adopted.

The question has been raised as to which of these two legislative actions prevails since they are in conflict so far as the basis for compensation is concerned. The answer is found in the act of assembly itself which provides as follows:

"When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted at least ten days prior to the last day fixed by law for candidates to withdraw their names for nomination previous to the day of the municipal elections": Local Tax Collection Law of May 16, 1951, P. L. 314, 72 PS §5511.36a. Therefore, since a resolution is required, the previous motion is a

nullity and the language of the resolution must prevail.

On the basis of this criterion then, we are asked to decide whether or not the tax collector is entitled to receive compensation based on the highest amount of taxes levied and assessed without regard to reductions and corrections or whether it is to be upon the final net amount of taxes levied and assessed. It seems to us self-evident that the latter criterion is the basis, i.e., the tax collector's compensation is to be determined on the net amount of the taxes levied and assessed after all additions and deductions for whatever reason have been made by the body charged with the responsibility of levying and assessing.

It is further contended on behalf of plaintiff that since heretofore he was being paid on the basis of taxes collected, he could only expect payment for services rendered as, if and when he collected, but that if it is now to be determined that his compensation was to be based on the tax duplicate regardless of the amount collected, he was entitled to his full compensation, and claims interest from November 1, 1954, on the balance due regardless of amount collected. Admittedly, it was the custom of the board to pay this tax collector accrued commission semiannually.

The school district is willing to pay interest on $5,030.93, the amount due by reason of collections made from December 6, 1954, the date of the last payment, to October 11, 1955, and on $230.24 from the latter date to the date of judgment, and defendant asks us to determine the rate of interest on these items, and therefore we conclude that in addition to the principal sums due the tax collector, interest at the rate of six percent should be paid.

We think that the unusual, and wholly unique in Pennsylvania, criterion set up in this resolution, basing tax collector's compensation on the amount of taxes

714

levied and assessed, is confusing, impractical and perhaps improvident, and should not be repeated beyond the present term of office of this tax collector and therefore we make the following

*Order*

And now, to wit, this October 26, 1956, it is ordered, adjudged and decreed that judgment be and it is hereby entered in favor of plaintiff, Fred W. Myers, and against defendant, School District of Newtown Township, in the sum of $5,429.65, made up as follows: Representing the sum of $5,030.93, with interest thereon from December 6, 1954, to October 11, 1955, $154.09, and the sum of $230.24, with interest thereon from October 11, 1955, to October 26, 1956, $14.39.